### RAINS v. ALASKA CONSOL. OIL FIELDS et al.

No. C–470.

Third Division.

Aug. 1, 1930.

Donohoe & Dimond, of Valdez, for plaintiff.

Frank H. Foster, of Juneau, and W. S. Martin, of Seattle, Wash., for defendants.

HILL, District Judge.

· The above-entitled action comes before the court at this time upon the plaintiff's motion to strike from the files of this case a motion of the defendants to quash certain liens and affidavit in support of said motion and the demurrer of the defendant Alaska Consolidated Oil Fields, a corporation, to plaintiff's complaint, and for entry of defendants' default for want of answer. The documents against which the motion is directed were filed in contravention of an oral stipulation entered into in open court in the presence of the court on the 8th day of March, 1930, at Valdez, Alaska, between Frank H. Foster, attorney for the defendants, and A. J. Dimond, attorney for plaintiff, which stipulation was thereafter reduced to writing and filed in the above-entitled action with the clerk of the court on March 25, 1930; said stipulation, omitting the venue and title, being as follows: "It is hereby stipulated by and between plaintiff and defendants herein, acting by and through their respective attorneys of record, that the Court may overrule defendants' demurrer to plaintiff's complaint now on file herein, allowing to defendants until the first day of April, 1930, time in which to answer said complaint; and it is further stipulated that if defendants fail to answer said complaint by said first day of April, 1930, plaintiff may take· default against de-

fendants for want thereof and may proceed to judgment without further notice to defendants.

"Dated at Cordova, Alaska, this 25th day of March, 1930.

"Donohoe & Dimond
"Attorneys for plaintiff.
"Frank H. Foster
"Attorney for Defendants."

The record shows that in this action service of summons was made by publication, and defendants were required to appear within thirty days after the last day of publication, which was January 31, 1930. On February 25, 1930, a general demurrer was filed by Hon. Frank H. Foster, a member of the bar of this court, as attorney for the defendants. Mr. Foster's authorization to appear on behalf of the defendants has never been disputed. That demurrer came on for hearing on the 8th day of March, 1930, at which time the stipulation above quoted was made. No other attorney had then appeared for the defendants.

There is nothing to indicate that the stipulation was not entered into in good faith. It appears that Mr. Foster advised his clients promptly of this stipulation, and they had ample time to comply with it. It appears that defendants also employed Hon. Winter S. Martin, an attorney of Seattle, Wash., to represent them in this litigation, and that in Seattle on or about March 19, 1930, Mr. Martin, as attorney for defendants, consulted personally with Mr. Dimond, one of the attorneys for the plaintiff, requesting a modification of the quoted stipulation, which was refused. At the time of said refusal, there was still ample time to comply with said stipulation by filing an answer. The defendants filed no answer, but on the 16th day of April, 1930, filed with the clerk of this court the documents which the plaintiff now moves to have stricken from the files, and urged upon the court that Mr. Foster had no authority to enter into such a stipulation and it should be held void. The stipulation entered into was a matter of procedure con-

nected with the conduct of the case as to which the attorney had full power to bind his clients. Corpus Juris, title, "Attorney and Client," p. 641, §§ 146, 147. In the latter section I find the following: "All proceedings in Court to enforce the remedy, to bring the claim, demand, cause of action or subject matter of the suit to hearing, trial, determination, judgment and execution, are within the exclusive control of the attorney."

To the same effect are statements of the law in 2 Ruling Case Law, p. 986, title, "Attorneys at Law," § 63, and Weeks on Attorneys at Law (2d Ed.) §§ 217, 218, pp. 442–450.

It does not appear that the defendants would have lost any rights whatever by complying with the stipulation. If the allegations of the complaint were untrue, they could deny them by answer; if there were necessary affirmative allegations, they could also make them by answer; and, if the complaint failed to state a cause of action, advantage could be taken of that at the trial.

It will be noted, too, that the only part of the stipulation which defendants ask to have ignored was that part requiring them to answer. They vigorously claimed the extended time provided by the stipulation.

Plaintiff's motion to strike from the files the documents above referred to will be granted, and an appropriate order may be prepared and presented for signature.

The defendants not having answered and their time for answer having expired, their default may be entered.